### ANNING et al. v. MARDON et ux.
### No. 9766.

Court of Civil Appeals of Texas. Galveston.
July 28, 1932.

Boyles, Brown & Scott, of Houston (W. D. Cooper, Jr., of Houston, of counsel), for plaintiffs in error.

Lewis Fogle, of Houston, for defendants in error.

LANE, J.

On the 26th day of September, 1929, J. L. Anning and P. L. Michael, doing business under the firm name of Ironcraft Studios, and Austin Mardon entered into the following written contract:

"The seller for the consideration of $185.00 hereby agrees to furnish all the materials and to perform all of the labor in accordance with the conditions of the Code of Standard Practice of the American Institute of Steel Construction dated October 21st, 1924, for furnishing delivered to job complete erected the following items:

"1—Screen door and Lunette Grille for residence located at 5330 Mandell., shown on drawings by Ironcraft and in specifications for terms of payment shall be in accordance with the above mentioned Code of practice. The seller to furnish material within 2 weeks after approval of show drawings.

"This proposal is based upon our interpretation of the information furnished, and extra or additional materials and labor to be furnished by the Seller shall be involved to the Buyer at their full cost plus a profit of %.

"Inasmuch as materials are subject to prior sale, this proposal is made for acceptance on or before ———."

A certain screen door and lunette grille, made of steel, was tendered to Austin Mardon and wife, Marie Mardon, under this contract, and it was rejected by the Mardons, as not in compliance with the contract, as it was understood by the parties at the time the same was executed in that at the time said contract was executed, and contemporaneously therewith, it was understood and agreed that the door and grille was to be constructed of iron.

Upon the refusal of Mardon and wife to accept the steel door and grille and pay therefor, when tendered, J. L. Anning and P. L. Michael brought suit against Austin and Marie Mardon, husband and wife, in justice's court, to recover the sum of $185 alleged to be the contract price for the door and grille, tendered. Upon trial in said justice's court, judgment was rendered for defendants, and the cause was carried by appeal to the county court of Harris county by the plaintiffs.

Upon trial in the county court, before the court without a jury, judgment was again rendered for defendants, and from such judgment the plaintiffs have appealed to this court upon writ of error. Plaintiffs, for reversal, contend that there was no admissible credible evidence to support the judgment rendered. The only question submitted

for the decision of the trial court was, Did the steel door and grille tendered meet the demands of the defendants to which they were entitled under the contract? There was sufficient evidence to support a finding by the court that it had been agreed by the parties to the contract at the time it was executed that the door and grille mentioned therein should be constructed of iron, and that the door and grille tendered did not comply with the agreement and contract. We therefore overrule the contention of plaintiffs in error.

The judgment is affirmed.

Affirmed.